## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ARLEND E. STEWART,**

**Petitioner,**

**vs.**                                              **Civil No.  16-cv-1198-DRH-CJP**

**T. G. WERLICH,**

**Respondent.**

## MEMORANDUM and ORDER

Petitioner Arlend E. Stewart filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging the calculation of his sentencing range under U.S.S.G. § 2K2.1(a)(4).  He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016).

Respondent argues that the petition must be dismissed because an incorrect application of an advisory Sentencing Guideline is not a miscarriage of justice that can be remedied in a collateral proceeding.  See, Doc. 8.  Petitioner filed a reply at Doc. 10.

## Relevant Facts and Procedural History

Stewart pleaded guilty to one count of being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)) in the Western District of Missouri.  *United States v. Stewart*, Case No. 11-cr-6010-GAF (W.D. Mo.).  There was not a written plea agreement.  On August 6, 2012, he was sentenced to 90 months imprisonment.

Petitioner filed a direct appeal in which he argued that the court erred in increasing his offense level by four levels under § 2K2.1(b)(6)(B) because he

1

possessed the firearm in connection with another felony offense, i.e., possession of a distribution amount of crack cocaine. He argued that the evidence was insufficient to support a finding that the substance recovered in connection with his arrest actually was crack cocaine. The Eighth Circuit affirmed. *United States v. Stewart*, 500 F. App'x 545, 546 (8th Cir. 2013)

Through counsel, petitioner filed a motion under 28 U.S.C. § 2255, invoking *Alleyne v. United States*, 33 S.Ct. 2151 (2013). The motion was denied, and the Eighth Circuit denied a certificate of appealability. *Stewart v. United States,* Case No. 13-cv-6099-GAF (W.D. Mo.).

Petitioner filed a second § 2255 motion, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015). The motion was dismissed in July 2016 because petitioner had not obtained authorization from the Eighth Circuit to file a second motion. *Stewart v. United States*, Case No. 16-6087-GAF (W.D. Mo.).

On the same day that he mailed his second § 2255 motion to the Western District, Stewart mailed a request for authorization to file a second § 2255 motion to the Eighth Circuit. He cited *Johnson, supra*, and *Welch v. United States*, 136 S.Ct. 1257 (2016). The government's response in opposition explained the sentence calculation. He had not been sentenced as an Armed Career Criminal. He was assigned a base offense level of 20 under U.S.S.G.§ 2K2.1(a)(4)(A) because he had a prior conviction for sale of a controlled substance. He was assessed a two-level enhancement under § 2K1.1(b)(4)(A) for possessing a firearm that was stolen, and an additional four-level enhancement under § 2K1.1(b)(6)(B) for

possession of a firearm in connection with another felony offense for a total offense level of 26. He had a criminal history of V, which resulted in a Guidelines range of 86 to 105 months. *Stewart v. United States*, Case No. 16-2841, Doc. 4422798 (8th Cir. July 6, 2016). The Eighth Circuit denied authorization on September 1, 2016. Stewart then filed his habeas petition in this district.

On preliminary review, this court described his grounds for habeas relief as follows:

(1) As a result of the Supreme Court's decisions in *Johnson* and *Welch*, Stewart's enhanced sentence is unconstitutional.

(2) The sentencing court erred in applying the § 2K2.1(b)(6)(B) enhancement because the evidence was insufficient to support a finding that the substance recovered in connection with his arrest was, in fact, crack cocaine.

(3) As a result of the Supreme Court's decision in *Mathis*, Stewart's enhanced sentence is unconstitutional.

This court dismissed the first two grounds, leaving only the *Mathis* claim. Doc. 3.

## Analysis

Most of the Stewart's petition and reply are devoted to arguing that his four level enhancement under § 2K1.1(b)(6)(B) was improper because the evidence was insufficient to prove that the substance was crack cocaine. However, that ground was raised on direct appeal and does not rely on a change in the law, and so it was properly dismissed upon preliminary review.

Stewart does point out that his base offense level was set at 20 under § 2K2.1(a)(4)(A) because he had a prior Missouri conviction for sale of a controlled

3

substance. He cites *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016), which relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016). However, *Hinkle* involved a Texas controlled substances statute, and not the Missouri statute under which he was convicted.

Stewart has not articulated his *Mathis* claim beyond citing to *Hinkle*, so the merits of petitioner's argument are not at all clear. However, it is not necessary to consider the merits because it is clear that Stewart cannot bring a *Mathis* claim in a § 2241 petition.

There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). See also, *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014)("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.")

The Seventh Circuit recently reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Petitioner was sentenced in 2012, long after *Booker* was decided. He

received a sentence that was within the statutory range. Therefore, he cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition.

**Conclusion**

For the foregoing reasons, Arlend E. Stewart's petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is **DENIED**.

This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.11
13:24:09 -06'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).